IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

MICHAEL CONKLIN,                    *
                                    *
        Plaintiff,                  *
                                    *
        v.                          *          CV 122-093
                                    *
JERRY LEONARD, et al.,              *
                                    *
        Defendants.                 *
                                    *
                                    *

-----------

O R D E R

-----------

Presently pending before the Court is Plaintiff's motion for reconsideration of the Court's August 1, 2025 Order granting Defendants' motion for summary judgment, denying Plaintiff's motions for extension of time to respond, and denying as moot Defendants' motion to exclude testimony. (Doc. 84.) For the reasons below, Plaintiff's motion is **DENIED**.

## I. BACKGROUND

The Court detailed the procedural and factual history of this case in the Court's August 1, 2025 Order. (Doc. 82.) On August 15, 2025, Plaintiff timely moved to reconsider the Court's August 1, 2025 Order granting Defendants' motion for summary judgment. (Doc. 84.) Defendants filed a response in opposition to

Plaintiff's motion on August 29, 2025. (Doc. 85.) Plaintiff's motion for reconsideration is now ripe for the Court's review.

## II. LEGAL STANDARD

"Reconsideration of a previous order is an extraordinary remedy, to be employed sparingly." Armbuster v. Rosenbloom, No. 1:15-cv-114, 2016 WL 1441467, at *1 (S.D. Ga. Apr. 11, 2016) (citation and internal quotation marks omitted); see also Spellman v. Haley, No. 97-T-640-N, 2004 WL 866837, at *2 (M.D. Ala. Feb. 22, 2002) ("[L]itigants should not use motions to reconsider as a knee-jerk reaction to an adverse ruling."). Because such remedy "is not an appeal, . . . it is improper on a motion for reconsideration to ask the Court to rethink what the Court has already thought through – rightly or wrongly." Armbuster, 2016 WL 1441467, at *1 (citation and internal quotation marks omitted).

It is well established that "additional facts and arguments that should have been raised in the first instance are not appropriate grounds for a motion for reconsideration." Gougler v. Sirius Prods., Inc., 370 F. Supp. 2d 1185, 1189 (S.D. Ala. 2005) (citation omitted); see also Am. Home Assurance Co. v. Glenn Estess & Assocs., Inc., 763 F.2d 1237, 1239 (11th Cir. 1985) (cautioning against use of a motion for reconsideration to afford a litigant "two bites at the apple"); Rossi v. Troy State Univ., 330 F. Supp. 2d 1240, 1249-50 (M.D. Ala. 2002) (denying motion for

reconsideration when plaintiff failed to submit relevant evidence prior to entry of original order and failed to show good cause for the omission). Furthermore, "the moving party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Burger King Corp. v. Ashland Equities, Inc., 181 F. Supp. 2d 1366, 1369 (S.D. Fla. 2002) (citation omitted). And, ultimately, "the decision to grant a motion for reconsideration is committed to the sound discretion of the district judge." Townsend v. Gray, 505 F. App'x 916, 917 (11th Cir. 2013) (citation and internal quotation marks omitted).

A court may reconsider a final order or judgment under Federal Rule of Civil Procedure 59 or 60. Brown v. Synovus Fin. Corp., 783 F. App'x 923, 931 (11th Cir. 2019) (citation omitted). Plaintiff fails to note under which rule he brings this action; thus, it is up to the Court to determine. Generally, "if a motion is filed within twenty-eight days of judgment, the motion should be analyzed under Rule 59 framework." Brown v. Spells, No. 7:11-cv-91, 2011 WL 4543905, at *1 (M.D. Ga. Sept. 30, 2011); accord Mahone v. Ray, 326 F.3d 1176, 1177 n.1 (11th Cir. 2003) (analyzing Rule 59 under former ten-day deadline). However, this is not the only distinction between the two rules. "Rule 59(e) applies to motions for reconsideration of matters that are encompassed in a decision on the merits of the dispute," while Rule 60 applies to motions for reconsideration of matters "collateral to the merits."

Brown, 783 F. App'x at 931 (citing Finch v. City of Vernon, 845 F.2d 256, 258 (11th Cir. 1988)). Plaintiff filed his motion for reconsideration fourteen days after the Court's order; thus, reconsideration will be analyzed under Rule 59(e).

Reconsideration under Rule 59(e) is justified only when there is: "(1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or prevent manifest injustice." Schiefer v. United States, No. CV206-206, 2007 WL 2071264, at *2 (S.D. Ga. July 19, 2007). Rule 59(e) "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Arthur v. King, 500 F.3d 1335, 1343 (11th Cir. 2007) (citation omitted).

## III. DISCUSSION

Plaintiff asserts his motion for reconsideration is based upon "fundamental unfairness" in the procedural timeline of the case and "genuine disputes of material fact that preclude summary judgment and require jury determination." (Doc. 84, at 3, 9.) Despite Plaintiff's characterizations, the Court finds his motion merely rehashes arguments he already made in his untimely response to Defendants' motion for summary judgment and raises arguments that should have been brought prior to entry of the Court's August

1, 2025 Order.  In doing so, he essentially attempts to circumvent the missed deadline and relitigate Defendants' motion.  Plaintiff is "urg[ing] [the Court] to reconsider its ruling because [Plaintiff] disagree[s] with the . . . court's treatment of certain facts and its legal conclusions."  Michael Linet, Inc. v. Village of Wellington, Fla., 408 F.3d 757, 763 (11th Cir. 2005).  This is not a proper basis for reconsideration.  Id.  As before, the Court will not consider untimely arguments.  Plaintiff simply "present[s] evidence that could have been raised prior to the entry of judgment," if he had timely filed his response.  Arthur, 500 F.3d at 1343 (citation omitted).

Regarding the denial of Plaintiff's fourth and fifth requests for extension of time to respond, the Court also finds reconsideration inappropriate.  Plaintiff was adequately warned by the Court in its January 21, 2025 Order that "the Court will entertain no further requests to extend this deadline.".  (Doc. 65, at 1).  Knowing this, Plaintiff filed his fourth extension request on January 29, 2025, the date of the extended deadline, and filed his response to the motion for summary judgment on January 30, 2025, one day after the given deadline.  (Docs. 67, 68).  Plaintiff filed his final motion for extension of time to respond to Defendants' statement of material facts on January 30, 2025, and filed his response on January 31, 2025.  (Docs. 69, 70).

The Court is not required nor inclined to grant as many extensions as a Party requests beyond reason; instead, it uses its discretion as appropriate on a case-by-case basis. See Young v. City of Palm Bay, 358 F.3d 859, 860 (11th Cir. 2004) (holding no abuse of discretion by district court when plaintiff filed four extensions of time, failed to submit timely memoranda in opposition to motions for summary judgment, and district court refused to grant fifth extension or accept plaintiff's untimely filings before ruling on motions). Denying a fourth or fifth extension request does not constitute an abuse of discretion — a high bar to meet — simply because a Party disagrees with an Order after he received a warning and still missed a court-imposed deadline. See id. at 864. As stated succinctly by the Eleventh Circuit, "[i]n the courts, there is room for only so much lenity." Id.

In sum, Plaintiff has failed to put forth a reason or legal basis for which the Court should reconsider its previous Order. He did not establish an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice. Instead, he recited arguments already put forth in his untimely response opposing summary judgment and presented evidence that was available prior to judgment. The rehashing of arguments and known evidence, even if not initially considered in a prior Order, will not induce the

Court to reverse its decision.  The standard for reconsideration under Rule 59(e) has not been met.

Further, the Court will not reverse the denial of Plaintiff's fourth and fifth motions for extension of time to file a response to Defendants' motion for summary judgment and statement of material facts.  (Docs. 67, 69).  The Court already considered Plaintiff's requests and previously informed him that the third extension request granted would be the last.  Given the above, granting reconsideration would undermine the Court's broad discretion and authority to require adherence to its own deadlines.

## IV. CONCLUSION

Based upon the foregoing, Plaintiff's motion for reconsideration of this Court's August 1, 2025 Order granting Defendants' motion for summary judgment and denying Plaintiff's motions for extension of time to respond (Doc. 84) is **DENIED.**

**ORDER ENTERED** at Augusta, Georgia, this *20th* day of October, 2025.

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA